UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALBERT WHIPKEY, | : | Case No. 1:02cv1030 |
| *(on behalf of himself and others similarly situated)*: | | |
| | : | |
| Plaintiffs, | : | JUDGE KATHLEEN O'MALLEY |
| | : | |
| v. | : | |
| | : | **ORDER** |
| R.R. DONNELLEY & SONS COMPANY, | : | |
| | : | |
| Defendant. | : | |

This matter arises on Plaintiff's *Motion to Establish Collective Member's Eligibility* (Doc. 94) ("Eligibility Motion"), in which he seeks an order identifying each opt-in Plaintiff's time period of eligibility for overtime compensation, if successful. Defendants have responded (Doc. 98); Plaintiffs have not replied.

In sum, Plaintiff's request has been made so the parties can apply the relevant statute of limitations backward from the appropriate date(s) and, thereby, obtain a clearer view of the potential collective damages available to the Plaintiffs if they are successful. Though the issue presented is fairly discrete, some background is necessary to its resolution.

I.  **BACKGROUND**

At various times over the last three years, numerous individuals have consented to join (*i.e.*, "opt-in") the Fair Labor Standards Act ("FLSA") collective action asserted in this case. The named Plaintiff, Albert Whipkey, was the first. After filing this case on May 31, 2002, Whipkey effectively

filed his consent on July 9, 2002 when he filed his Amended Complaint (Doc. 12) recasting his claims in the form of a collective action under the FLSA, as opposed to the class action claims asserted in his initial Complaint (Doc. 1). What followed were several waves of individuals who filed consents to opt-in to the collective action.

On January 10, 2003, eight (8) individuals filed consents. *See* Doc. 23. On February 20, 2003, twenty-one (21) individuals filed consents. *See* Doc. 27. On April 22, 2003, six (6) individuals filed consents. *See* Doc. 36. On March 8, 2004, one (1) individual filed a consent. *See* Doc. 56.

On September 15, 2004, Plaintiff filed a "notice" (Doc. 66) identifying one hundred five (105) individuals who he claimed timely and properly had opted-in to the collective action. The notice included the previously identified individuals who directly filed consents with the Court, as well as additional purported opt-ins – around 70 – who had not filed consents directly with the Court, but rather had provided them to Plaintiff's counsel.[1]

On June 1, 2005, Defendant moved to bar the additional opt-ins from participating in the collective action (Doc. 78). Defendant argued that, despite being identified in the notice, the individuals were precluded from participation because they had not timely <u>filed notices with the Court</u>. Ultimately, the Court denied the Defendant's motion to bar the additional opt-ins from participating. As noted in its July 12, 2005 order (Doc. 87), provided they filed their formal consents with the Court by July 28, 2005, the Court concluded that 29 U.S.C. §216(b)'s consent requirement

---

[1] Exhibit 1 to Plaintiff's motion (Doc. 94-2) identifies the individuals who submitted their consents to Plaintiff's counsel. It further identifies the "signature date" and the "postmark date" of each consent, which range from February 2004 to August 2004.

2

was satisfied by the filing of the September 15, 2004 notice, and that the additional opt-ins' formal consents would be accepted *nunc pro tunc* to May 31, 2005. On July 27, 2005, the additional opt-ins' formal consents were filed with the Court, thereby securing those individuals' inclusion in the collective action.[2]

## II.  DISCUSSION

The question presented is simple: *to what dates are the parties to apply the three-year statute of limitations to determine each Plaintiff's potential individual recovery?*

Plaintiff advances several arguments in support of various dates. First, he argues that May 31, 2002, the date the original Complaint was filed, should govern. Plaintiff provides no legal authority for this argument. Instead, he argues only that the Defendant waived the statute of limitations defense based on its acceptance of the language of the three notices that were issued to potential plaintiffs. Second, and recognizing the existence of legal authority for the proposition that an individual's portion of an FLSA collective action "commences" (for statute of limitations purposes) upon the filing of his consent to opt-in, Plaintiff argues that the respective filing dates of the consents govern, but he reads the concept of "filing" in this context broadly.

Specifically, as to the sixty-eight consents identified on September 15, 2004 (Doc. 66), but not formally filed until July 27, 2005 (Doc. 90), Plaintiff argues that the postmark dates of each consent – indicating the dates the consents were sent to Plaintiff's counsel for submission – should

---

[2]  By the time the additional opt-ins' formal consents were filed, they numbered sixty-eight (68). This is noteworthy in light of the Defendants motion to bar their inclusion (Doc. 78), which referenced seventy-three (73) additional opt-in Plaintiffs.

3

govern.³  In the event the Court refuses to adopt the postmark dates, Plaintiff argues that September 15, 2004 and not May 31, 2005 should govern the additional sixty-eight consents.

In response, Defendant first requests that the Court reconsider its July 12, 2005 order (Doc. 87) denying Defendant's motion to bar the additional opt-in Plaintiffs from participating in the collective action.  In support, the Defendant incorporates by reference its arguments from its prior motion.  That request is denied; the Court stands by its July 12, 2005 order.  Defendant then presents the simple and compelling argument – which Plaintiff acknowledges as being legally supported (Doc. 94 at p. 4) – that the period for which an opt-in plaintiff possibly can recover damages begins on a date no earlier than three years before the date his consent is actually filed with the Court.  As to the additional sixty-eight individuals identified in the September 15, 2004 notice, the Defendant argues that, by operation of the Court's July 12, 2005 *nunc pro tunc* order, those individuals' consents effectively were filed on May 31, 2005 – *i.e.*, the latest possible date from which the applicable statute of limitations could reach back into the alleged violation period ending May 31, 2002.⁴

As a general matter, the Defendant is correct.  Plaintiff has presented no legal authority for

---

³  Plaintiff's counsel argues that this date should govern because he informed one of the Court's prior law clerks that he was collecting consents for collective filing so as not to impose an administrative burden on the Court, and the Clerk effectively approved this procedure.  The Court gives no weight to this argument.  First, no law clerk would have the authority to approve a practice not authorized by applicable law.  Second, law clerks in these chambers do not "authorize" any unusual procedures without first consulting the Court.  And third, counsel has no right to seek legal advice from a law clerk; he has an obligation to research the law on his own.

⁴  In so far as Plaintiff has alleged a willful FLSA violation, 29 U.S.C. §255 provides a three-year statute of limitations.  In the absence of wilfulness, a two-year statute of limitations applies.

the proposition that all of the opt-in Plaintiffs' claims relate back to the original filing date of the action, May 31, 2002, thereby rendering them eligible for the full alleged violation period – *i.e.*, June 1, 1999 to May 31, 2005. Indeed, the law is to the contrary, as outlined by the Defendant and acknowledged by the Plaintiff. In *Salazar v. Brown*, the court explained that:

> An individual action under the FLSA is "commenced" for statute of limitations purposes when the complaint is filed . . . **[a] different rule applies to a collective (or class) action under the FLSA . . . Such actions are not "commenced" until a written consent is filed with the court by each plaintiff** . . . The distinction between individual and collective actions is critical in addressing the statute of limitations defense at issue.

1996 WL 302673 at * 9 (W.D. Mich 1996) (emphasis added). *See also* 29 U.S.C. §§ 216(b) and 256. The Defendant has not waived the statute of limitations defense; indeed it expressly has asserted it in its Answer. Accordingly, the filing date of each Plaintiff's consent governs the statute of limitations calculation.

Applying that principle to the facts of this case, **June 9, 2002 governs** the statute of limitations calculation as to Albert Whipkey; **January 10, 2003 governs** the statute of limitations calculation as to the individuals who filed consents on that date (*see* Doc. 23); **February 20, 2003 governs** the statute of limitations calculation as to the individuals who filed consents on that date (*see* Doc. 27); **April 22, 2003 governs** the statute of limitations calculation as to the individuals who filed consents on that date (*see* Doc. 36) and **March 8, 2004 governs** the statute of limitations calculation as to the individual who filed a consent on that date (*see* Doc. 56).

With regard to the sixty-eight individuals identified in the September 15, 2004 notice (Doc. 66), the parties have presented argument as to three possible dates:

1) the postmark dates of the consents mailed to Plaintiff's counsel, but not the Court;

5

2) September 15, 2004, the date on which a filing occurred reflecting an intention by the additional sixty-eight individuals to opt-in to this action, and putting the Defendant and the Court on notice of their intent to do so; and

3) May 31, 2005, the date to which the Court's July 12, 2005 *nunc pro tunc* order referred.

At some point, formality must accompany the simple and express notice and consent procedures outlined in the FLSA. For this reason, only two of the proposed dates are appropriate for consideration: September 15, 2004 and May 31, 2005. Though a technical interpretation of the Court's July 12, 2005 *nunc pro tunc* order (Doc. 87) supports the Defendant's argument that the effective filing date of the additional sixty-eight consents is May 31, 2005, for statute of limitations purposes, that was not the Court's intent. The intent of the July 12, 2005 order was to acknowledge, and give effect to, the notice of the number and identities of the opt-in Plaintiffs for purposes of their inclusion in the collective action and to seek a clarification of their continuing intention to participate in the action through the filing of a more formal consent form. It was not intended to address the statute of limitations issue – directly or indirectly – by establishing the last day in the three-year limitations period as the effective filing date of the consents at issue.

In order to give full effect to the intent of the Court's prior order, the Court **FINDS** that September 15, 2004 is the most appropriate effective filing date of the sixty-eight additional consents for purposes of a statute of limitations calculation. That is the date on which a filing occurred through which the Court and the Defendant were put on actual notice that these individuals intended to opt-in to this collective action. While that "filing" occurred through counsel, all sorts of filing deadlines exist under the Federal Rules of Civil Procedure and other applicable statutes. Generally,

such deadlines are deemed satisfied when a party acts through duly authorized counsel and provides notice to the Court and opposing counsel of their intention to so act. The Court finds, as it did in its July 12, 2005 order, that the September 15, 2004 filing substantially complied with the requirements of §§ 216(b) and 256, and effectively satisfied those provisions' goals for purposes of calculating the statute of limitations applicable to the claims of the opt-in plaintiffs identified therein.[5]

Accordingly, **September 15, 2004 governs** the statute of limitations calculation as to the sixty-eight additional individuals identified in the notice filed on that date.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**Dated: March 28, 2006**

---

[5] Indeed, Defendant concedes that this September 15, 2004 date is consistent with the Court's rationale in its July 12, 2005 order. That, presumably, is why Defendant sought reconsideration of that order in the context of addressing this statute of limitations issue.

7